Herbert J. BELL, Jr. and Margaret C. Bell, Appellants,

v.

The CITY OF DALLAS, Texas and Johnson Bros. Corporation, Appellees.

No. 05–03–01295–CV.

Court of Appeals of Texas, Dallas.

Oct. 26, 2004.

---

Curtis L. Marsh, Curtis L. Marsh, Esq., Attorney, Dallas, for Appellant.

Russell B. Power, Hart & Power, P.C., Charles Estee, Asst. Atty. Gen., Dallas, for Appellee.

Before Justices O'NEILL, LANG, and LANG–MIERS.

## OPINION

Opinion By Justice O'NEILL.

Herbert J. Bell, Jr. and Margaret C. Bell appeal a judgment granted in favor of appellees Johnson Brothers Corporation and the City of Dallas. In two issues, the Bells contend the trial court erred in (1) granting Johnson Brothers's motion for summary judgment, and (2) granting the City's plea to the jurisdiction. For the following reasons, we affirm the trial court's judgment.

### BACKGROUND

In 1987, the Bells purchased a residential lot in the City of Dallas and caused a home and in-ground pool to be constructed on the lot. At the time the Bells purchased the lot, the City had an easement on the property for drainage sewers. Two storm drains were located on this easement. Although the Bells knew of the easement, they did not specifically know about the pipes.

In 1993, the Bells first noticed cracks on their pool that they later came to believe

was caused by an improper drainage system. In the mid 1990's, the City began the "Carissa Project" to improve the storm drainage system. During this period, the Bells voiced their concerns and complaints about their property to the City through Ben Cernosek, the project manager for the Carissa Project. For example, the Bells complained about a hole on their property that had appeared on the City's easement. In response, the City purported to fill the hole with grout.

Meanwhile, the City hired appellee Johnson Brothers as an independent contractor for the Carissa Project. The construction phase of the project began in 2000. During this phase, the pipes on the Bells's property were exposed, and the City discovered several displaced joints on one of the pipes on the eastern side of the Bells's property. This pipe was also surrounded by cavities. The Bells contend these cavities were the cause of the problems on their property, including the cracks on their pool.

After examining the eastern pipe, the City decided to seal the ends of the pipe and fill it with a concrete like-substance. Because the City's new plan regarding the Bell's property was a deviation from its original contract with Johnson Brothers, a change order was completed. The change order states in relevant part:

> This change order provides for the filling of an underground storm drainage pipe with concrete grout and flowable fill that was planned to be removed. The pipe has some voids around it and if removed could cause an adjacent pipe trench and private property to become unstable.

Pursuant to the change order, Johnson Brothers injected concrete into the eastern pipe. However, according to the Bells, the concrete not only failed to fill the cavities around the pipe, it did not reach the entire length of pipe beneath their property. In any event, the Bells's property continued to destabilize and, by January 2001, the cracks on the Bells's pool had become so bad that their pool would no longer hold water.

The Bells subsequently sued Johnson Brothers and the City for negligence and gross negligence and sued the City for promissory estoppel, and inverse condemnation and non-negligent nuisance under the Texas Constitution. Johnson Brothers filed a no-evidence motion for summary judgment asserting there was no evidence it owed a duty to the Bells or that alleged breach caused the Bells's damages. The City filed a plea to the jurisdiction asserting governmental immunity. Following a hearing, the trial court granted Johnson Brothers's motion for summary judgment and the City's plea to the jurisdiction. This appeal followed.

### JOHNSON BROTHERS's MOTION FOR SUMMARY JUDGMENT

In their first issue, the Bells contend the trial court erred in granting Johnson Brothers's motion for summary judgment. After an adequate time for discovery, a defendant may move for summary judgment without presenting summary judgment evidence on the ground that there is no evidence of one or more essential elements of the plaintiff's claim. Tex.R. Civ. P. 166a(i). The non-movant must then bring forth evidence that raises a fact issue on the challenged elements. *Id.* A no-evidence summary judgment is essentially a pretrial directed verdict to which we apply the same legal sufficiency standard of review. *See Crooks v. Moses*, 138 S.W.3d 629, 636 (Tex.App.-Dallas 2004, no pet.). Thus, a no-evidence summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine

issue of material fact on the challenged elements. *Id.* In determining whether the nonmovant has met this burden, we review the evidence in the light most favorable to the nonmovant and resolve all doubts in its favor. *Id.* at 637.

■ In its motion for summary judgment, Johnson Brothers asserted there is (1) no evidence it had a duty to stabilize the Bells's property or pool, (2) no evidence of breach of any duty, and (3) no evidence it proximately caused any damages. On appeal, the Bells assert they raised a fact issue on duty because they presented evidence that Johnson Brothers's had voluntarily assumed a duty of care by "agreeing" to fill the cavities around the pipes. To show such an agreement, the Bells rely on Cernosek's deposition in which he testified that he told Johnson Brothers that it would be "desirable" for it to fill the cavities around the pipe "as much as it could," and that Johnson Brothers "thought that could be achieved." The Bells also rely on the deposition of Margaret Bell in which she testified that she spoke to Dean Johnson of Johnson Brothers about the change order, and in discussing the project, Johnson told her that when the pipe was filled pursuant to the change order the grout injected into the pump would flow into any cavities around the pipe. We disagree that this evidence raises a fact issue on whether Johnson Brother committed to filling the cavities, or otherwise assumed a duty to stabilize the Bells's pool and property. Rather, the evidence shows only that filling the cavities could be an incidental and desirable effect of filling the pipe. We conclude the Bells failed to raise a fact question on duty.

■ Further, even if the Bells did raise a fact question on duty, we conclude they failed to raise a fact question on proximate cause. The Bells contend Johnson Brother's failure to fill the cavities caused their pool, which was already damaged, to shift considerably and crack all the way through. However, the Bells have not cited this Court to any summary judgment evidence to support this assertion. Thus, they have not shown they presented more than a scintilla of probative evidence to raise a genuine issue of material fact on proximate cause. We cannot conclude the trial court erred in granting Johnson Brothers' motion for summary judgment. We resolve the first issue against the Bells.

### THE CITY'S PLEA TO THE JURISDICTION—GOVERNMENTAL IMMUNITY

■ In its second issue, the Bells contend the trial court erred in granting the City's plea to the jurisdiction. As noted above, the City filed a plea to the jurisdiction asserting it was immune from suit for the Bells's claims. The trial court granted the plea and dismissed the Bells's claims against the City. The Bells first assert the trial court erred in doing so because the City was engaged in a proprietary function for which it does not enjoy governmental immunity.

■ A municipality has no immunity when it engages in proprietary functions. *See City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997). However, the legislature has expressly stated that a municipality's activities with respect to sanitary and storm sewers are governmental functions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(9) (Vernon Supp.2005); *Likes,* 962 S.W.2d at 502. The Bells nevertheless assert that even if the maintenance and operation of the storm drains in this case were governmental functions, the City's alleged promise to fill the cavities around those drains was not. Thus, they assert any damages that could have been prevented if the City had filled the cavities

were not caused by the City's exercise of a governmental function. We disagree.

Any damage to the Bells's property was caused by the City's failure to maintain the storm drainage pipes on the Bells's property. Specifically, according to the Bells themselves, the cavities around the pipes were allegedly created because of leaks in the pipes and too much water running through the pipes. The Bells cannot avoid the effect of governmental immunity by creative pleading. *See Seamans v. Harris County Hosp. Dist.*, 934 S.W.2d 393, 395 (Tex.App.-Houston [14th Dist.] 1996, no writ). We conclude the complained-of actions concern the City's performance of a governmental function. Thus, the trial court did not err in granting the plea to the jurisdiction on this ground.

■ The Bells next assert the trial court erred in granting the plea to the jurisdiction because the City has waived its immunity from suit. The Bells rely on certain language in the Dallas City Charter and the Local Government Code that states the City can "sue and be sued." The Bells acknowledge that in *City of Dallas v. Reata Const. Corp.*, 83 S.W.3d 392, 398 (Tex.App.-Dallas 2002), *rev'd on other grounds*, — S.W.3d —, No. 02–1031, 47 Tex. Sup.Ct. J. 408, 2004 WL 726906 (Tex. April 2, 2004), this Court expressly held that the "sue and be sued" language relied on is not an express waiver of immunity. We reaffirmed this holding more recently in *City of Carrollton, v. McMahon Contracting L.P.*, 134 S.W.3d 925, 927–28 (Tex. App-Dallas 2004, pet. filed). We decline to revisit this issue again in this case.

■ The Bells next argue the City is estopped from asserting governmental immunity. According to Bells, it is manifestly unjust for the City to assert immunity as a defense because the City, through Cernosek, promised them (1) it would fill the cavities around the pipes and stabilize their pool and (2) they relied on the City's promises to their detriment by failing to stabilize the property themselves. The Bells cite a single case that holds a city can be estopped from asserting its own immunity. *See Maguire Oil Co. v. City of Houston*, 69 S.W.3d 350, 365 (Tex.App.-Texarkana 2002, pet. denied). In *Maguire Oil*, the Court stated that, for a plaintiff to rely on the doctrine of estoppel, he must show, among other things, that he relied upon an authorized act of a City official. *See Maguire Oil*, 69 S.W.3d at 366–67. In this appeal, the Bells rely on promises made by Cernosek's to show the City is estopped from asserting its immunity from suit. The Bells have not directed this Court to any summary judgment evidence to show Cernosek had any authority to bind the City or that the City authorized Cernosek to make any promises to the Bells. The City, on the other hand, directs us to Cernosek's affidavit that he was not so authorized. We conclude the Bells have not shown the City is estopped from asserting immunity.

■ The Bells also assert immunity from suit has been waived under the Tort Claims Act because they have alleged property damage caused by the use or misuse of "motor driven equipment." The Bells contend the City misused a concrete mixer when the City purported to fill a hole on their property and the City, through Johnson Brothers, misused the pump used to fill the cavities around the pipe.

The Bells concede that under the Tort Claims Act, the government is only liable for the use or misuse of motor driven equipment by their employees. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1)(A) (Vernon 1997). An employee is defined as a person who is in paid service to the governmental unit, but does not include an

independent contractor, an agent or employee of an independent contractor, or a person who performs task the details of which the government unit does not have a legal right to control. Tex. Civ. Prac. & Rem.Code Ann. § 101.001(2) (Vernon Supp. 2005). Here, Johnson Brothers was an independent contractor. Moreover, there is no evidence the City had the legal right to control the details of Johnson Brothers' work. Thus, the City has not waived liability for claims arising from Johnson Brothers' negligent use of motor driven equipment.

■ More importantly, the City's immunity is only waived if the use or misuse of motor driven equipment actually caused the injury. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex.2001). Here, the damages alleged were caused by the faulty condition of the pipes. At most, the alleged "use" or "misuse" of the concrete mixer and injection pipe failed to rectify this injury—it did not cause it. Thus, immunity has not been waived under the Tort Claims Act.

■ Finally, the Bells complain that the trial court erred in granting the plea to the jurisdiction with respect to their claims for non-negligent nuisance and inverse condemnation because the City does not enjoy immunity from those claims. The City responds the trial court properly granted the plea to the jurisdiction because the Bells did not plead a valid takings claim. *See Dahl ex rel. Dahl v. State*, 92 S.W.3d 856, 862 (Tex.App.-Houston [14th Dist.] 2002, no pet.). According to the City, a plaintiff suing a governmental entity cannot create jurisdiction by stating a takings claim unless that claim is facially valid. We agree.

■ The City does not have governmental immunity from a valid claim under article 1, section 17 of the Texas Constitution. *Dahl*, 92 S.W.3d at 862; *see also Gen. Servs. Com'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 (Tex. 2001). When a plaintiff does not allege a valid inverse condemnation claim, however, governmental immunity does apply and the trial court should grant a plea to the jurisdiction. *Dahl*, 92 S.W.3d at 862; *see also Little–Tex*, 39 S.W.3d at 599 (affirming grant of plea to the jurisdiction where plaintiff did not allege proper takings claim). Whether particular facts are enough to constitute a taking is a question of law. *Little–Tex*, 39 S.W.3d at 598.

In this appeal, appellants have made no attempt to show they alleged a valid claim under article 1, section 17. Specifically, they have directed us to no factual allegations in their petition to establish that (1) the City intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. Nor has our review of the petition revealed any such allegations. To the contrary, from our review of the petition, it is apparent that the property damage was alleged to be caused by negligent omissions; specifically, the City's failure to maintain and repair damage caused by faulty pipes. Consequently, the pleadings affirmatively negate a valid non-negligent nuisance or takings claim. Therefore, the trial court properly granted the City's motion to dismiss these claims. *See Dahl*, 92 S.W.3d at 862; *Little–Tex Insulation Co., Inc. v. Gen. Servs. Comm'n*, 997 S.W.2d 358, 362 (Tex.App.-Austin 1999), *rev'd on other grounds*, 39 S.W.3d 591 (Tex.2001). We resolve the Bells's second issue against them.

For the foregoing reasons, we affirm the trial court's judgment dismissing the Bells's claims for want of jurisdiction.