COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-353-CV

 

JOHNNY
HAMMONS, INDIVIDUALLY                                       APPELLANT

AND
AS NEXT FRIEND FOR 

JOHN DANIEL HAMMONS                                                                     

 

                                                   V.

 

CITY OF KRUGERVILLE                                                           APPELLEE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Johnny Hammons, individually
and as next friend for John Daniel Hammons, appeals from the trial court=s judgment granting the City of Krugerville=s plea to the jurisdiction on Hammons=s claims.  In three issues,
Hammons complains that the trial court improperly (1) reinstated its order
granting the City=s plea to
the jurisdiction after granting Hammons a new trial, (2) reinstated its order
granting the City=s plea to
the jurisdiction on Hammons=s inverse condemnation claim, and (3) quashed the deposition of
Officer Benny Utley.  We affirm.

After the City removed a
go-cart from Hammons=s property,
Hammons sued the City under the Texas Tort Claims Act and for inverse
condemnation under article I, section 17 of the Texas Constitution.  The City filed a plea to the jurisdiction,
asserting that Hammons had failed to plead a claim for which the City had
waived its sovereign immunity from suit. 
The trial court granted the City=s plea to the jurisdiction on May 17, 2004.  On July 29, 2004, the trial court granted
Hammons=s motion for new trial; however, on October 13, 2004, the trial court
granted the City=s motion to
reconsider and reinstated its May 17 order granting the City=s plea to the jurisdiction. 
This appeal followed.   In his
first issue, Hammons asserts that the trial court=s October 13 order is void because the court lacked plenary power to
reinstate its order granting the City=s plea to the jurisdiction after granting Hammons a new trial.  Hammons contends that the trial court=s plenary power over its May 17 order expired on August 2, 2004Cseventy-five days after the order was entered.[2]  Hammons thus contends that the trial court
had no authority to Aungrant@ the motion for new trial on October 13 and reinstate the May 17
order.








Although a trial court
generally cannot Aungrant@ a motion for new trial outside its plenary period,[3]
the court always has jurisdiction to determine whether it has subject matter
over a case.[4]  The trial court must determine at its
earliest opportunity whether it has constitutional or statutory authority to
decide the case before allowing the litigation to proceed.[5]
Accordingly, we hold that the trial court=s October 13 order reinstating its earlier ruling granting the City=s plea to the jurisdiction is not void.

 

 








Next, Hammons complains that
the trial court improperly reinstated its order granting the City=s plea to the jurisdiction without following the procedure outlined by
the supreme court in Miranda.[6]









The Miranda court held
that when, as here, a plea to the jurisdiction challenges the plaintiff=s failure to plead a claim for which a governmental entity has waived
its immunity from suit, the court must determine if the pleader has alleged
facts that affirmatively demonstrate the court's jurisdiction to hear the case.[7]  We construe the pleadings liberally in favor
of the plaintiff and look to the pleader=s intent.[8]  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court=s jurisdiction but do not affirmatively demonstrate incurable defects
in jurisdiction, the issue is one of pleading sufficiency and the plaintiff
should be afforded the opportunity to amend.[9]  If, however, the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff an opportunity to amend.[10]

In this case, Hammons=s pleadings affirmatively negate the existence of the trial court=s jurisdiction over his Tort Claims Act claims, even after Hammons was
given multiple opportunities to amend them.[11]  The Tort Claims Act waives sovereign immunity
from suits for negligence in three areas: 
use of publicly owned vehicles, premises defects, and injuries arising
out of conditions or use of property.[12]  The Tort Claims Act does not waive immunity
from suit for claims arising out of any intentional torts.[13]









In his second amended
original petition,[14]
Hammons alleged that the City, through Officer Utley, Anegligently caused Plaintiff and his minor son injury . . . through
the negligent use of the Defendant=s motor vehicle.@  To support his negligence claim, Hammons
pleaded the following facts:

Plaintiff
is the owner of an engine with an estimated fair market value of $650.00.

 

. . . .

 

Several
months prior to September 2003, John Daniel Hammons, the minor son of plaintiff
and one of his friends obtained permission from an individual working at an
establishment in Krugerville, Texas to remove a used go-cart frame from that
establishment for their personal use.

 

. . . .

 

Plaintiff
installed the above-referenced engine on the empty go-cart frame.

 

. . . .

 

On or
about September 5, 2003, officer Benny Utley, employed by defendant as a peace
officer . . . appeared at the Plaintiff=s residence.  Officer Utley at that time informed Plaintiff
that he was there to seize Astolen property.@

 

. . . .

 








Officer
Utley informed Plaintiff that the Astolen property@ was
the go-cart.  Plaintiff informed officer
Utley that the engine on the [go-cart] frame was his and that the frame itself
had been given to John Daniel Hammons and his friend . . . .

 

. . . .

 

Plaintiff
advised officer Utley at that time that he would return the frame to the
location from which it was taken after the removal of Plaintiff=s
engine.  Officer Utley agreed to this
arrangement only to return approximately thirty minutes later . . . .

 

. . . .

 

Prior
to the removal of the engine from the frame and without Plaintiff=s
permission, officer Utley entered onto Plaintiff=s
property.  Officer Utley tied a rope to
the go-cart with engine attached and towed same using a motor vehicle owned by
Defendant to Defendant=s
storage facility.  Upon information and
belief, Plaintiff=s
property continues to remain at Defendant=s storage facility.

 

. . . .

 

After
the illegal removal of Plaintiff=s property . . . , Plaintiff=s son
suffered extreme mental anguish as a result of the actions of Officer Utley . .
. . 

 








Accepting these allegations
as true and construing them liberally in Hammons=s favor,[15]
we hold that they do not allege a claim for negligence  under the Tort Claims Act.  To the contrary, the pleadings allege only
that the City intentionally took Hammons=s property (through Officer Utley) and is storing it in its property
room.[16]  Because Hammons=s pleadings affirmatively negate the existence of the trial court=s jurisdiction over his Tort Claims Act claim, the trial court
properly granted the City=s plea to
the jurisdiction on that claim.








Likewise, Hammons=s pleadings affirmatively negate the existence of the trial court=s jurisdiction over his inverse condemnation claim.  A landowner whose property has been taken,
damaged, destroyed for, or applied to public use without adequate compensation
may bring an inverse condemnation claim under article I, section 17 of the
Texas Constitution.[17]  To plead a valid inverse condemnation claim,
the plaintiff must allege that (1) the governmental entity intentionally
performed certain acts in the exercise of its lawful authority (2) that
resulted in a Ataking@ of property (3) for public use.[18]

In this case, Hammons did not
plead that the City=s removal of
the go-cart, with engine, from his property was an exercise of the City=s lawful authority.  To the
contrary, Hammons alleged:

At no
time prior to the illegal removal of Plaintiff=s
property did an offense report . . . [or] a search warrant exist.  At no time prior to the illegal
removal of Plaintiff=s
property was Defendant authorized to remove Plaintiff=s
property.  . . .  At no time prior to the illegal
removal of Plaintiff=s
property did Officer Utley have probable cause to believe that the property had
been stolen . . . .  [Emphasis supplied.]


 

Accordingly, we hold that Hammons did not allege
a valid inverse condemnation claim and that the trial court properly granted
the City=s plea to the jurisdiction on that claim.[19]

Because Hammons=s pleadings effectively negate the existence of the trial court=s subject matter jurisdiction over both Hammons=s Tort Claims Act and inverse condemnation claims, we overrule Hammons=s first issue.








In his second issue, Hammons
complains that the trial court erred by reinstating the order granting the plea
to the jurisdiction on his inverse condemnation claim because such a claim is
not subject to a plea to the jurisdiction. 
We disagree.  When a plaintiff
does not allege a valid inverse condemnation claim, governmental immunity
applies and the trial court should grant a plea to the jurisdiction.[20]  We overrule Hammons=s second issue.

In his third issue, Hammons
complains that the trial court abused its discretion by abating further
discovery and quashing Officer Utley=s deposition before ruling on the City=s plea to the jurisdiction. 
Hammons contends that Miranda entitled him to at least Areasonable opportunity for targeted discovery@[21] before the trial court ruled on the City=s plea. 








The Miranda court held
that Aif a plea to the jurisdiction
challenges the existence of jurisdictional facts, [the trial court must]
consider relevant evidence submitted by the parties when necessary to
resolve the jurisdictional issues raised . . . .@[22]  In that situation, Athe trial court exercises its discretion in  deciding whether the jurisdictional
determination should be made at a preliminary hearing or await a fuller
development of the case.@[23]

As we have noted, the City=s plea to the jurisdiction did not challenge the existence of
jurisdictional facts.  Morever, in light
of Hammons=s
allegations of the City=s
intentional, unlawful conduct, which fail to state a claim for which the City
has waived immunity from suit under either the Tort Claims Act or article I,
section 17 of the Texas Constitution, the trial court reasonably could have
concluded that it was wholly unnecessary to allow additional discovery to
resolve the jurisdictional issues. 
Accordingly, we hold that the trial court did not abuse its discretion
by refusing to allow further discovery before granting the City=s plea to the jurisdiction.[24]  We overrule Hammons=s third issue.

Having overruled all of
Hammons=s issues, we affirm the trial court=s judgment.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:   CAYCE, C.J.; WALKER, J.; and SAM J.
DAY, J. (Retired, Sitting by Assignment).

 

DELIVERED:
October 27, 2005











[1]See Tex. R. App. P. 47.4.





[2]The
actual 75th day was July 31, 2004, a Saturday; therefore, the 75th day is
computed as the following Monday, August 2. 
See Tex. R. Civ. P.
4.





[3]See
Porter v. Vick, 888 S.W.2d 789, 789 (Tex. 1994) (orig.
proceeding) (holding that any order vacating an order granting a new trial
which was signed outside trial court=s period of plenary power
over original judgment is void); In re Luster, 77 S.W.3d 331, 335 (Tex.
App.CHouston
[14th Dist.] 2002, orig. proceeding) (holding that trial court has only
seventy-five days after original judgment was signed to Aungrant@
motion for new trial and reinstate original judgment, and order reinstating
original judgment outside seventy-five-day period is void).  Porter and Luster are
inapposite because the motions for new trial in those cases were granted on the
merits of the respective parties= claims.  A plea to the jurisdiction does not pertain
to the merits of a party=s
claims, but to the trial court=s power to decide a
case.  Bland ISD v. Blue, 34
S.W.3d 547, 553-54 (Tex. 2000).





[4]See
id. (holding that, because subject matter jurisdiction is essential to
trial court=s
power to decide case, Aa
court must not act without determining that it has subject-matter jurisdiction
to do so@); In
re G.S.G., 145 S.W.3d 351, 353 (Tex. App.CHouston
14th Dist.] 2004, no pet.) (holding that trial court is required to determine
sua sponte whether it is jurisdiction to hear case).





[5]Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). 





[6]See
id. at 226-28.





[7]Id. at
226. 





[8]Id.





[9]Id. at
226-27. 





[10]Id. at
227.  Hammons acknowledges that the City=s
plea Acontain[s]
a mere challenge to Hammons= pleadings[,] not the facts
recited therein@;
therefore, the trial court was not required to conduct an evidentiary hearing
on the jurisdictional issue.  See id.
(holding that trial court is not required to consider evidence relevant to
jurisdiction unless plea to jurisdiction challenges existence of jurisdictional
facts).





[11]Hammons
amended or supplemented his pleadings three times, including two amendments
between the time the trial court granted his motion for new trial and the City=s
motion to reinstate. 





[12]Tex. Civ. Prac. & Rem. Code Ann. ''
101.021, .022 (Vernon 2005); Miranda, 133 S.W.3d at 225. 





[13]Tex. Civ. Prac. & Rem. Code Ann. '
101.057.





[14]This
was Hammons=s
live pleading at the time the trial court reinstated its order granting the
City=s
plea to the jurisdiction. 





[15]See
City of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex.
App.CFort
Worth 2004, pet. denied) (op. on reh=g).





[16]Hammons
also alleged that, A[i]mmediately
prior to and at the time in question,@ the City breached the Afollowing
nondelegable duties@:  to provide rules and regulations for the
safety of the public, the investigation and prosecution of crime, the seizure
of property, and the use of motor vehicles; to warn employees of the hazards
involved in seizing property; to exercise ordinary care to select and retain
careful and competent police officers; and to provide proper supervision of
police officers.  None of these
allegations, however, involves the use of property or a motor vehicle.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021 (requiring
same).  It is well settled that the Tort
Claims Act does not waive immunity from suit for injuries caused by the alleged
nonuse of property.  See San Antonio
State Hosp. v. Cowan, 128 S.W.3d 244, 246-47 (Tex. 2004); Tex. Natural
Res. Conservation Comm=n v. White, 46
S.W.3d 864, 869-70 (Tex. 2001); Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex.
1994); Archibeque v. N. Tex. State Hosp.‑Wichita Falls Campus, 115
S.W.3d 154, 160 (Tex. App.CFort Worth 2003, no pet.).





[17]Tex. Const. art. I, ' 17; City
of Houston v. Boyle, 148 S.W.3d 171, 177 (Tex. App.CHouston
[1st Dist.] 2004, no pet.).





[18]See
City of Houston, 148 S.W.3d at 177.





[19]See
Bell v. City of Dallas, 146 S.W.3d 819, 825 (Tex. App.CDallas
2004, no pet.).





[20]Id.  Texas Parks & Wildlife Dep=t v.
Callaway, 971 S.W.2d 145, 151 (Tex. App.CAustin
1998, no pet.) does not, as Hammons contends, hold that an inverse condemnation
claim is not subject to a plea to the jurisdiction.  The court in that case simply held that the
trial court properly denied the Department=s plea to the jurisdiction on
a valid inverse condemnation claim.  Id.
at 151.





[21]See
Miranda, 133 S.W.3d at 233.





[22]Id. at
227 (emphasis supplied).





[23]Id.





[24]See
id.; see also City of Galveston v. Gray, 93 S.W.3d 587, 591
(Tex. App.CHouston
[14th Dist.] 2002, orig. proceeding & pet. denied) (Aa
governmental unit=s
entitlement to be free from suit is effectively lost if the trial court
erroneously assumes jurisdiction and subjects the governmental unit to pre‑trial
discovery and the costs incident to litigation@).