COUNTY OF GALVESTON, Appellant,

v.

**Charlotte TOLLE f/k/a Charlotte Dillon, Appellee.**

**No. 01–04–00829–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 29, 2005.

Rehearing Overruled Dec. 15, 2005.

Barry Conrad Willey, Galveston County Legal Department, Donald Glywasky, Galveston County Attorney's Office, Galveston, TX, for Appellant.

Kenneth C. Kaye, League City, TX, Walter J. Kronzer, III, Houston, TX, for Appellee.

Panel Consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

SAM NUCHIA, Justice.

Appellant, the County of Galveston ("the County"), appeals the order of the trial court denying in part appellant's plea to the jurisdiction. In four issues, the County contends that the trial court erred in granting the plea as to monetary damages

only and should have dismissed all of appellee's claims.

We affirm in part and reverse in part and render judgment dismissing appellee's suit against the County.

## Background

Appellee, Charlotte Tolle, is a former employee of the County, where she worked for about 30 years. When Tolle retired in 1999, the County paid medical insurance premiums and provided a life insurance policy for employees and retirees. Beginning in 2003, the County required its employees and retirees under age 65, including Tolle, to pay a $50 monthly premium for their medical insurance. In 2004, this premium was raised to $75 per month.

After the County raised the premium payments to $75 per month, Tolle sued the County, seeking monetary damages for breach of contract and fraud. In an amended petition, she added a claim for constitutional tort under article I, section 19 of the Texas Constitution,[1] complaining that the County's action deprived her of property "without due course of law." She also sought a judgment declaring the validity of her contract with the County and injunctive relief that would require the County to pay her health insurance and life insurance premiums. The County filed a plea to the jurisdiction, asserting that the County was immune from the fraud and contract claims, that Tolle had not made a prima facie case for the constitutional claim, and that the trial court had no jurisdiction over the claims for declaratory and injunctive relief.

The trial court granted the County's plea as to Tolle's claim of monetary damages for breach of contract, fraud, and state constitutional tort. However, the trial court denied the County's plea as to

---

1. TEX. CONST. art. I, § 19.

Tolle's claims for declaratory judgment and injunctive relief.

## Standard of Review

A plea to the jurisdiction is reviewed de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). The appellate court must determine whether a party has met its burden of pleading facts showing that the trial court has subject-matter jurisdiction over the pending controversy. *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.,* 972 S.W.2d 140, 142–43 (Tex.App.-Dallas 1998, no pet.). We take allegations in the pleadings as true and construe them in favor of the pleader. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993).

## Tolle's Contract and Tort Claims

In its first two issues, the County complains that the trial court granted the plea to the jurisdiction only with respect to monetary damages on Tolle's claims for breach of contract and fraud. The County asserts that it has immunity from the entire claims for those causes of action, not just the damages portion. In its third issue, the County contends that the trial court is without jurisdiction to hear Tolle's claim relating to constitutional tort because she has not stated a claim under article I, section 19 of the Texas Constitution.

By sustaining the County's plea to the jurisdiction as it related to the three causes of action seeking monetary relief, the trial court granted the County complete relief on Tolle's claims for breach of contract, fraud, and constitutional tort. There is, therefore, no basis for the County's complaints regarding those causes of action. Accordingly, we overrule the County's first three issues.

## Declaratory Judgment

In its fourth issue, the County contends that the trial court had no jurisdiction over the plaintiff's action for declaratory judgment. The Declaratory Judgment Act provides, in pertinent part:

A person interested under a ... written contract ... or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1997).

To render a declaratory judgment, a court must first have subject matter jurisdiction, and the asserted dispute must already be within the court's jurisdiction. *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 754 (Tex.App.-Austin 1998, no pet.). "A litigant's request for declaratory relief cannot confer jurisdiction on the court, nor can it change the basic character of a suit." *State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994); *Tex. Ass'n of Bus.,* 852 S.W.2d at 444; *see also* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 1997). Rather, the Declaratory Judgment Act "is a procedural device for deciding cases already within the Court's subject matter jurisdiction." *Dallas County Dist. Attorney v. Doe,* 969 S.W.2d 537, 540 (Tex.App.-Dallas 1998, no pet.).

Declaratory judgment actions by private parties seeking to determine their rights under a statute are not suits against the State because they do not attempt to impose liability upon the State. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). Such declaratory-judgment actions do not

implicate the doctrine of sovereign-immunity. *Id.* Because the doctrine is not implicated, legislative consent to sue is not required.

■■■ On the other hand, the government is immune from suits that seek to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities in suits against the State. *Id.* at 855–56. The government does not waive its immunity from suit by contracting with private citizens, *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex.1997), and declaratory judgment actions to determine the validity of a contract or to enforce the contract cannot be maintained without legislative permission because they seek to impose liability on the State. *IT–Davy*, 74 S.W.3d at 856.

In this case, Tolle sought a declaration "that the defendant has a contract or agreement with Ms. Tolle concerning her retirement benefits and must abide by its agreement or contract." She also sought a declaration that the County cease requiring her to pay any insurance premiums, not cancel her health insurance policy, and reinstate her supplemental life insurance policy at the County's sole cost. Tolle's petition did not request a declaration of her rights under any statute. The trial court had no jurisdiction to consider Tolle's request for a judgment declaring her rights under an agreement or contract with the County because such a declaration would impose liability on the governmental entity. *See id.* Therefore, the trial court should have dismissed Tolle's entire lawsuit.

Accordingly, we sustain the County's fourth issue.

### Injunctive Relief

■■■ The County has not appealed the trial court's denial of the County's plea to the jurisdiction as it relates to Tolle's request for injunctive relief. Nevertheless, we consider this issue because the trial court's retention of the request for injunctive relief for Tolle's breach of contract and fraud claims was fundamental error. *See Pirtle v. Gregory*, 629 S.W.2d 919, 919–20 (Tex.1982) ("Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction...."). "Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Furthermore, "lack of subject-matter jurisdiction is fundamental error that may be recognized by the appellate court, sua sponte." *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 n. 6 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

In her amended petition, Tolle sought an injunction that would require the County to pay the premium for Tolle's health insurance and life insurance. Thus, Tolle's request for an injunction, like her action for declaratory judgment, was another way to obtain monetary relief from the County. Therefore, the trial court did not have jurisdiction over Tolle's claim for injunctive relief in connection with the maintenance of her insurance policies.[2]

---

**2.** As pleaded, Tolle's request for injunctive relief is ancillary to her request for a declaration that she has a valid agreement or contract with the County for health and life insurance, that the County must provide such insurance to her without charge, and that the

County may not cancel such insurance. Such ancillary relief is proper only when there is some indication that the defendant will not abide by the court's decision. *See Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). However, in light of our ruling on

## Conclusion

We affirm that portion of the trial court's judgment dismissing Tolle's claims for breach of contract, fraud, and state constitutional tort. We reverse the trial court's judgment denying the County's plea to the jurisdiction as it relates to Tolle's claims for declaratory and injunctive relief and render judgment that the County's plea to the jurisdiction be sustained in its entirety and that Tolle's suit against the County be dismissed.

Tolle's declaratory judgment action and request for an injunction, the ancillary nature of the injunction is not relevant.