TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00197-CV






City of Garden Ridge, Texas, Appellant


v.


Curtis Ray, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. C-2004-1131A, HONORABLE GARY L. STEEL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 

 In this interlocutory appeal, the City of Garden Ridge challenges the trial court's
denial of its plea to the jurisdiction. Garden Ridge maintains a drainage culvert on Ray's property
pursuant to an easement granted in favor of the city by subdivision plat in 1984. In October and
November 2004, severe rainfall exceeded the capacity of the drainage culvert and flooded Ray's
property. Ray sued Garden Ridge for damages allegedly caused by the city's construction and
maintenance of the culvert. He sought damages for breach of contract, non-negligent nuisance, and
inverse condemnation as well as declaratory and injunctive relief relating to the city's use of the
drainage easement. Garden Ridge filed a plea to the jurisdiction, which was denied by the trial court. 

 On appeal, Garden Ridge contends that the trial court erred in denying its plea to
the jurisdiction because Ray's claims are barred by sovereign immunity. We agree with Garden 

Ridge.  We reverse the trial court's denial of the plea to the jurisdiction and render judgment
dismissing Ray's claims.

 A plea to the jurisdiction is a dilatory plea used "to defeat a cause of action without
regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554 (Tex. 2000). The plea challenges the trial court's authority to determine the subject matter of
a pleaded cause of action. City of Celina v. Blair, 171 S.W.3d 608, 610 (Tex. App.--Dallas 2005,
no pet.). The existence of subject matter jurisdiction is a question of law, therefore, we review the
trial court's denial of Garden Ridge's plea to the jurisdiction de novo. Frasier v. Yanes, 9 S.W.3d
422, 425 (Tex. App.--Austin 1999, no pet.). 

 Sovereign immunity protects governmental units from lawsuits for monetary damages
absent legislative consent to sue the State. Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex.
App.--Austin 2000, no pet.) (citing Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex.
1997)). Under the doctrine of sovereign immunity, in the absence of legislative consent to suit, a
court has no subject matter jurisdiction to entertain a suit against a governmental unit. Texas Dep't
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Additionally, private parties cannot circumvent
sovereign immunity by characterizing a suit for monetary damages as a claim for declaratory relief
or a request for injunctive relief. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d
849, 856 (Tex. 2002); County of Galveston v. Tolle, 176 S.W.3d 859, 863 (Tex. App.--Houston [1st
Dist.] 2005, pet. denied). 

 In his second amended petition, Ray alleged that Garden Ridge's drainage easement 

on his property "exists as a contract between [Garden Ridge] and [Ray]" and that the city "has failed
and refused to comply with its contractual obligations" with respect to the drainage easement. He 



sought damages for Garden Ridge's alleged breach of contract. However, as explained by this Court
in Texas Parks & Wildlife Department v. Callaway, 971 S.W.2d 145, 152 (Tex. App.--Austin 1998,
no pet.), "[t]he state is immune from a suit for money damages based on an alleged breach of
contract unless the state has expressly given its consent to be sued." Stated differently, sovereign
immunity bars suit against a governmental entity for money damages based on contract unless the
state waives its immunity. Id.; see also Texas Natural Resource Conservation Commission v. IT-Davy, 74 S.W.3d 849, 858 (Tex. 2002)(state agency cannot waive sovereign immunity by contract). 
In Texas, only the Legislature can waive sovereign immunity. (1) IT-Davy, 74 S.W.3d at 858. Here,
there is no evidence in Ray's pleadings or elsewhere in the record demonstrating that Ray received
legislative permission to sue Garden Ridge for breach of contract or that sovereign immunity has
been waived in any way. Accordingly, no waiver of immunity from suit has been shown, and Ray
may not maintain an action against Garden Ridge for breach of contract.

 Ray also requested a declaration from the trial court that "[Garden Ridge's] conduct
in using the easement for drainage and water pooling is outside of the bounds of the easement
agreement" as well as injunctive relief to prevent the city from "utilizing the easement outside the
bounds of any easement conveyance." A similar request for declaratory and injunctive relief
concerning the scope of an easement agreement was considered by this Court in Callaway. See 971
S.W.2d at 148. In that case, the Texas Parks and Wildlife Department entered into an easement 


agreement with Callaway's predecessor in interest--Dalco Oil Company--restricting public access
to a canal the Department built across Dalco's land. Id. at 147. When the Department opened the
canal to the public several years later, Callaway sued for breach of contract and requested declaratory
and injunctive relief "to prevent future violations of the easement's restrictions on public boating"
in the canal. Id. at 148. This Court held that Callaway's claims for breach of contract were barred
by sovereign immunity and provided the following analysis concerning his request for declaratory
and injunctive relief:

 

 Although Callaway's request for declaratory judgment is not premised expressly on
breach of contract, it is analogous to such a claim. In essence, Callaway seeks a
declaration of his rights under the easement and an order enforcing those rights.
There is no basis for the injunctive relief or the contractual damages that Callaway
seeks unless he can establish that the easement constituted a contract, binding on the
Department, which he can enforce. Whether the Department's decision that it was
legally required to open the [canal] was correct or incorrect, a suit to test it by seeking
enforcement of contract rights is necessarily a suit against the state that cannot be
maintained without legislative permission. 


Id. at 152 (citations omitted). Accordingly, this Court concluded that sovereign immunity barred
Callaway's request for declaratory and injunctive relief. Id.

 In this case, Ray sought a declaration of his contractual rights under the subdivision
plat that granted the easement in favor of Garden Ridge across his property and an order enforcing
those rights. Specifically, he requested a declaration from the trial court that "such rights conveyed
by way of the [subdivision plat] do not include [Garden Ridge's] usage of the easement for the
retention and re-direction of water flow." He also requested that the trial court enjoin Garden Ridge 

from "utilizing the easement outside the bounds of any easement conveyance." However, as this 


Court held in Callaway, a suit to enforce contractual rights, although characterized as a request for
declaratory and injunctive relief, is necessarily a suit against the state that cannot be maintained
without legislative permission. Id. (citing Federal Sign, 951 S.W.2d at 408; W.D. Haden Co. v.
Dodgen, 308 S.W.2d 838, 842 (Tex. 1958)). (2) Therefore, Ray's request for declaratory and injunctive
relief is barred by sovereign immunity.

 Ray argues that this Court's opinion in Roberson v. City of Austin, 157 S.W.3d 130,
137 (Tex. App.--Austin 2005, pet. denied), supports his position that sovereign immunity does not
bar his request for declaratory and injunctive relief. In Roberson, a homeowner sought a declaration
that an unrecorded sanitary easement running across his property was invalid. Id. at 134. The trial
court denied the homeowner's request for declaratory relief because it decided that the action should
have been brought as a trespass to try title action rather than as a request for a declaratory relief. Id. 
On appeal, this Court held that the Uniform Declaratory Judgments Act is a proper vehicle for
determining the validity of an easement and, accordingly, reversed the trial court's denial of
declaratory relief. Id. at 137. 

 While we agree that the UDJA may be used to determine the validity of an easement
as was done in Roberson, Ray's request for declaratory relief in this case does not concern the
validity of an easement. There is no dispute that the easement in this case is valid. Ray's claim is
that the easement represents an agreement between him and Garden Ridge that the city is breaching
by using the area covered by the easement in a manner inconsistent with the alleged agreement. He
asserts that a declaration of rights is necessary because the city's "wrongful intrusion" on his
property (by letting water run onto it) and "unauthorized activities" (building a drainage culvert that
allows flooding of his property after heavy rainfall) are not allowed by the easement. Unlike the
plaintiff in Roberson, who requested that the trial court determine the validity of an easement, Ray
requested that the trial court clarify the limits of Garden Ridge's right to utilize the drainage
easement under the subdivision plat that granted the easement in favor of Garden Ridge across Ray's
property in 1984. Although cast in the language of declaratory and injunctive relief, Ray's claims
are, in substance, claims for breach of contract. Callaway, 971 S.W.2d at 152. Consequently, as
previously discussed, they are barred by sovereign immunity. Id. The rationale of Roberson does
not apply to this case.

 Ray also asserted claims against Garden Ridge for inverse condemnation and non-negligent nuisance pursuant to the takings clause of the Texas Constitution. Tex. Const. art. I, § 17
("No person's property shall be taken, damaged or destroyed for or applied to public use without
adequate compensation."). Although sovereign immunity generally protects governmental units
from lawsuits for monetary damages, the doctrine does not shield them from an action for
compensation under the takings clause. General Servs. Comm'n v. Little-Tex Insulation Co., 39
S.W.3d 591, 598 (Tex. 2001); Steele v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980). When
a plaintiff does not allege a valid claim under the takings clause, however, sovereign immunity does
apply. Bell v. City of Dallas, 146 S.W.3d 819, 825 (Tex. App.--Dallas 2004, no pet.). 

 Garden Ridge contends that Ray's pleadings do not allege valid claims for inverse 


condemnation and non-negligent nuisance under the takings clause such that sovereign immunity
is waived. We agree. To recover on a takings claim, a plaintiff must establish that (1) the State
intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. 
Little-Tex, 39 S.W.3d at 598. The Texas Supreme Court has held that the requisite intent for a
taking is present when a governmental entity knows that a specific act is causing identifiable
harm or knows that harm is substantially certain to result. City of Dallas v. Jennings, 142
S.W.3d 310, 314 (Tex. 2004).

 In this case, the rainfall that caused the flooding of Ray's property was extraordinary. 
The record reflects that in October 2004 it rained eight inches in forty minutes. The November 2004
storm was also severe and resulted in further flooding due to the saturated condition of the ground. 
Although Ray's second amended petition alleged that he has "repeatedly put the City on notice that
the particular manner in which [Garden Ridge] utilizes the easement causes water to flow across
[Ray's] property and into his residence," he did not allege that Garden Ridge knew or was
substantially certain that its maintenance of the drainage easement would cause the kind of flooding
and damage that resulted from the anomalous amount of rainfall in October and November 2004. 
Furthermore, there are no allegations in Ray's petition that Garden Ridge performed an intentional
act causing damage to Ray's property that would not have occurred otherwise in the event of severe
rainfall. Instead, his allegations appear to complain that Garden Ridge has not taken action since the
rainstorms of 2004 to prevent further flooding. Because Ray's pleadings do not allege an intentional
act resulting in a taking of private property, his claims for inverse condemnation and non-negligent 


nuisance under the takings clause of the Texas Constitution are barred by sovereign immunity. Bell,
146 S.W.3d at 825; see Little-Tex, 39 S.W.3d at 599 (affirming grant of plea to the jurisdiction where
plaintiff did not allege proper takings claim). 

 We reverse the trial court's order denying Garden Ridge's plea to the jurisdiction and
render judgment dismissing Ray's claims in this cause.

 


 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Reversed and Rendered

Filed: February 15, 2007
1. The Legislature has, by statute, waived sovereign immunity for certain types of actions. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-110.012 (West 2005 & Supp. 2006); Tex. Loc.
Gov't. Code Ann. § 271.152 (West 2006). No statutory waiver applies to Ray's claims for breach
of contract. 
2. "Declaratory-judgment suits against state officials seeking to establish a contract's validity,
to enforce performance under a contract, or to impose contractual liabilities are suits against the
State." Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002)