# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00197-CV

**City of Garden Ridge, Texas, Appellant**

**v.**

**Curtis Ray, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C-2004-1131A, HONORABLE GARY L. STEEL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, the City of Garden Ridge challenges the trial court's denial of its plea to the jurisdiction. Garden Ridge maintains a drainage culvert on Ray's property pursuant to an easement granted in favor of the city by subdivision plat in 1984. In October and November 2004, severe rainfall exceeded the capacity of the drainage culvert and flooded Ray's property. Ray sued Garden Ridge for damages allegedly caused by the city's construction and maintenance of the culvert. He sought damages for breach of contract, non-negligent nuisance, and inverse condemnation as well as declaratory and injunctive relief relating to the city's use of the drainage easement. Garden Ridge filed a plea to the jurisdiction, which was denied by the trial court.

On appeal, Garden Ridge contends that the trial court erred in denying its plea to the jurisdiction because Ray's claims are barred by sovereign immunity. We agree with Garden Ridge. We reverse the trial court's denial of the plea to the jurisdiction and render judgment dismissing Ray's claims.

A plea to the jurisdiction is a dilatory plea used "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *City of Celina v. Blair*, 171 S.W.3d 608, 610 (Tex. App.—Dallas 2005, no pet.). The existence of subject matter jurisdiction is a question of law, therefore, we review the trial court's denial of Garden Ridge's plea to the jurisdiction de novo. *Frasier v. Yanes*, 9 S.W.3d 422, 425 (Tex. App.—Austin 1999, no pet.).

Sovereign immunity protects governmental units from lawsuits for monetary damages absent legislative consent to sue the State. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.) (citing *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997)). Under the doctrine of sovereign immunity, in the absence of legislative consent to suit, a court has no subject matter jurisdiction to entertain a suit against a governmental unit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Additionally, private parties cannot circumvent sovereign immunity by characterizing a suit for monetary damages as a claim for declaratory relief or a request for injunctive relief. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002); *County of Galveston v. Tolle*, 176 S.W.3d 859, 863 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In his second amended petition, Ray alleged that Garden Ridge's drainage easement on his property "exists as a contract between [Garden Ridge] and [Ray]" and that the city "has failed and refused to comply with its contractual obligations" with respect to the drainage easement. He

2

sought damages for Garden Ridge's alleged breach of contract. However, as explained by this Court in *Texas Parks & Wildlife Department v. Callaway*, 971 S.W.2d 145, 152 (Tex. App.—Austin 1998, no pet.), "[t]he state is immune from a suit for money damages based on an alleged breach of contract unless the state has expressly given its consent to be sued." Stated differently, sovereign immunity bars suit against a governmental entity for money damages based on contract unless the state waives its immunity. *Id.*; *see also Texas Natural Resource Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 858 (Tex. 2002)(state agency cannot waive sovereign immunity by contract). In Texas, only the Legislature can waive sovereign immunity.[1] *IT-Davy*, 74 S.W.3d at 858. Here, there is no evidence in Ray's pleadings or elsewhere in the record demonstrating that Ray received legislative permission to sue Garden Ridge for breach of contract or that sovereign immunity has been waived in any way. Accordingly, no waiver of immunity from suit has been shown, and Ray may not maintain an action against Garden Ridge for breach of contract.

Ray also requested a declaration from the trial court that "[Garden Ridge's] conduct in using the easement for drainage and water pooling is outside of the bounds of the easement agreement" as well as injunctive relief to prevent the city from "utilizing the easement outside the bounds of any easement conveyance." A similar request for declaratory and injunctive relief concerning the scope of an easement agreement was considered by this Court in *Callaway. See* 971 S.W.2d at 148. In that case, the Texas Parks and Wildlife Department entered into an easement

---

[1] The Legislature has, by statute, waived sovereign immunity for certain types of actions. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-110.012 (West 2005 & Supp. 2006); Tex. Loc. Gov't. Code Ann. § 271.152 (West 2006). No statutory waiver applies to Ray's claims for breach of contract.

agreement with Callaway's predecessor in interest—Dalco Oil Company—restricting public access to a canal the Department built across Dalco's land. *Id.* at 147. When the Department opened the canal to the public several years later, Callaway sued for breach of contract and requested declaratory and injunctive relief "to prevent future violations of the easement's restrictions on public boating" in the canal. *Id.* at 148. This Court held that Callaway's claims for breach of contract were barred by sovereign immunity and provided the following analysis concerning his request for declaratory and injunctive relief:

> Although Callaway's request for declaratory judgment is not premised expressly on breach of contract, it is analogous to such a claim. In essence, Callaway seeks a declaration of his rights under the easement and an order enforcing those rights. There is no basis for the injunctive relief or the contractual damages that Callaway seeks unless he can establish that the easement constituted a contract, binding on the Department, which he can enforce. Whether the Department's decision that it was legally required to open the [canal] was correct or incorrect, a suit to test it by seeking enforcement of contract rights is necessarily a suit against the state that cannot be maintained without legislative permission.

*Id.* at 152 (citations omitted). Accordingly, this Court concluded that sovereign immunity barred Callaway's request for declaratory and injunctive relief. *Id.*

In this case, Ray sought a declaration of his contractual rights under the subdivision plat that granted the easement in favor of Garden Ridge across his property and an order enforcing those rights. Specifically, he requested a declaration from the trial court that "such rights conveyed by way of the [subdivision plat] do not include [Garden Ridge's] usage of the easement for the retention and re-direction of water flow." He also requested that the trial court enjoin Garden Ridge from "utilizing the easement outside the bounds of any easement conveyance." However, as this

4

Court held in *Callaway*, a suit to enforce contractual rights, although characterized as a request for declaratory and injunctive relief, is necessarily a suit against the state that cannot be maintained without legislative permission. *Id.* (citing *Federal Sign*, 951 S.W.2d at 408; *W.D. Haden Co. v. Dodgen*, 308 S.W.2d 838, 842 (Tex. 1958)).[2] Therefore, Ray's request for declaratory and injunctive relief is barred by sovereign immunity.

Ray argues that this Court's opinion in *Roberson v. City of Austin*, 157 S.W.3d 130, 137 (Tex. App.—Austin 2005, pet. denied), supports his position that sovereign immunity does not bar his request for declaratory and injunctive relief. In *Roberson*, a homeowner sought a declaration that an unrecorded sanitary easement running across his property was invalid. *Id.* at 134. The trial court denied the homeowner's request for declaratory relief because it decided that the action should have been brought as a trespass to try title action rather than as a request for a declaratory relief. *Id.* On appeal, this Court held that the Uniform Declaratory Judgments Act is a proper vehicle for determining the validity of an easement and, accordingly, reversed the trial court's denial of declaratory relief. *Id.* at 137.

While we agree that the UDJA may be used to determine the validity of an easement as was done in *Roberson*, Ray's request for declaratory relief in this case does not concern the validity of an easement. There is no dispute that the easement in this case is valid. Ray's claim is that the easement represents an agreement between him and Garden Ridge that the city is breaching by using the area covered by the easement in a manner inconsistent with the alleged agreement. He

---

[2] "Declaratory-judgment suits against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are suits against the State." *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)

asserts that a declaration of rights is necessary because the city's "wrongful intrusion" on his property (by letting water run onto it) and "unauthorized activities" (building a drainage culvert that allows flooding of his property after heavy rainfall) are not allowed by the easement. Unlike the plaintiff in *Roberson*, who requested that the trial court determine the validity of an easement, Ray requested that the trial court clarify the limits of Garden Ridge's right to utilize the drainage easement under the subdivision plat that granted the easement in favor of Garden Ridge across Ray's property in 1984. Although cast in the language of declaratory and injunctive relief, Ray's claims are, in substance, claims for breach of contract. *Callaway*, 971 S.W.2d at 152. Consequently, as previously discussed, they are barred by sovereign immunity. *Id.* The rationale of *Roberson* does not apply to this case.

Ray also asserted claims against Garden Ridge for inverse condemnation and non-negligent nuisance pursuant to the takings clause of the Texas Constitution. Tex. Const. art. I, § 17 ("No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation."). Although sovereign immunity generally protects governmental units from lawsuits for monetary damages, the doctrine does not shield them from an action for compensation under the takings clause. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001); *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980). When a plaintiff does not allege a valid claim under the takings clause, however, sovereign immunity does apply. *Bell v. City of Dallas*, 146 S.W.3d 819, 825 (Tex. App.—Dallas 2004, no pet.).

Garden Ridge contends that Ray's pleadings do not allege valid claims for inverse

6

condemnation and non-negligent nuisance under the takings clause such that sovereign immunity is waived. We agree. To recover on a takings claim, a plaintiff must establish that (1) the State intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. *Little-Tex*, 39 S.W.3d at 598. The Texas Supreme Court has held that the requisite intent for a taking is present when a governmental entity knows that a specific act is causing identifiable harm or knows that harm is substantially certain to result. *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004).

In this case, the rainfall that caused the flooding of Ray's property was extraordinary. The record reflects that in October 2004 it rained eight inches in forty minutes. The November 2004 storm was also severe and resulted in further flooding due to the saturated condition of the ground. Although Ray's second amended petition alleged that he has "repeatedly put the City on notice that the particular manner in which [Garden Ridge] utilizes the easement causes water to flow across [Ray's] property and into his residence," he did not allege that Garden Ridge knew or was substantially certain that its maintenance of the drainage easement would cause the kind of flooding and damage that resulted from the anomalous amount of rainfall in October and November 2004. Furthermore, there are no allegations in Ray's petition that Garden Ridge performed an intentional act causing damage to Ray's property that would not have occurred otherwise in the event of severe rainfall. Instead, his allegations appear to complain that Garden Ridge has not taken action since the rainstorms of 2004 to prevent further flooding. Because Ray's pleadings do not allege an intentional act resulting in a taking of private property, his claims for inverse condemnation and non-negligent

7

nuisance under the takings clause of the Texas Constitution are barred by sovereign immunity. *Bell*, 146 S.W.3d at 825; *see Little-Tex*, 39 S.W.3d at 599 (affirming grant of plea to the jurisdiction where plaintiff did not allege proper takings claim).

We reverse the trial court's order denying Garden Ridge's plea to the jurisdiction and render judgment dismissing Ray's claims in this cause.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Reversed and Rendered

Filed:   February 15, 2007

8