**CITY OF VAN ALSTYNE, Appellant,**

v.

**Steven and Abi YOUNG, Appellees.**

**No. 05–04–00209–CV.**

Court of Appeals of Texas, Dallas.

Oct. 28, 2004.

Clark H. McCoy, Jr., Wolfe, Clark, Henderson, Tidwell & McCoy, Sherman, for Appellant.

Michael Craig Wilson and Jennifer Driscoll Jasper, Butrus Khoshbin Wilson Vogt, LLP, Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a denial of a motion to dismiss for lack of jurisdiction, the City of Van Alstyne contends the trial court erred in concluding it had subject matter jurisdiction over this case. The City brings seven issues arguing, among other things, that its actions did not rise to the level of an unconstitutional taking of property and, therefore, the City did not waive its immunity from suit. Steve and Abi Young contend there are fact issues precluding dismissal of the suit and urge us to affirm the trial court's order. After reviewing the record on appeal, we conclude the City did not waive its immunity from suit in this case as a matter of law. Accordingly, we reverse the trial court's order denying the motion to dismiss and dismiss the cause for want of jurisdiction.

## I.

This suit arose out of a sewage back-up in the City of Van Alstyne's sewer system causing a flood in the home of Steve and Abi Young. The Youngs filed suit against the City seeking to recover for the damage to their house. In their third amended petition, the Youngs alleged causes of action for non-negligent nuisance and the unconstitutional taking of their property without adequate compensation.

The City filed a motion to dismiss the Youngs' suit for lack of jurisdiction. In its motion, the City argued the Youngs failed to show a waiver of sovereign immunity because they did not allege and could not prove the existence of facts that would support a claim for the unconstitutional taking of their property. Furthermore, the City argued the sewer back-up was a result of a power outage rather than the City's maintenance of an alleged non-negligent nuisance. In the alternative, the City contended the Youngs' claim for non-negligent nuisance could not be brought as an independent claim but was subsumed under the law of inverse condemnation. Therefore, according to the City, the Youngs were required to plead and prove their takings claim to recover damages. In support of its motion, the City submitted evidence including deposition excerpts and a copy of the Youngs' third amended petition.

In their response to the City's motion, the Youngs argued the sewer system's history of back-ups and other problems established the sewer as a non-negligent nuisance The Youngs further argued there were fact issues regarding the cause of the sewer back-up that flooded their house. The Youngs did not point to any evidence supporting their takings claim but instead characterized the City's argument that they could not succeed on their nuisance claim unless they proved their takings claim as "unsupported and incorrect." The Youngs also submitted evidence in the form of deposition excerpts.

The trial court held a hearing on the City's motion to dismiss. After considering the evidence and the arguments of

counsel, the trial court denied the motion. The City brought this interlocutory appeal.

## II.

In ruling on a motion to dismiss that challenges the existence of jurisdictional facts, the trial court may consider evidence submitted by the parties at a preliminary hearing. *See Texas Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004). If the evidence implicates the merits of the plaintiff's case and creates a fact issue regarding jurisdiction, the trial court cannot grant the motion to dismiss. *See id.* Such fact issues must be determined by the fact finder. *Id.* If the relevant evidence is undisputed, however, or fails to raise a fact issue, the trial court may rule on the motion as a matter of law. *Id.*

The burden of proof in a motion to dismiss for lack of jurisdiction is similar to that applicable to a summary judgment proceeding under Texas Rule of Civil Procedure 166a(c). *Id.* at 228. The movant is required to demonstrate that, as a matter of law, the trial court lacks jurisdiction over the subject matter of the suit. *See id.* To defeat the motion, the nonmovant need only show there is a disputed material fact regarding the jurisdictional issue. *See id.* On appeal, we review the trial court's determination of its subject matter jurisdiction *de novo. Id.* When reviewing a challenge to the jurisdiction in which evidence has been submitted, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Id.*

In this case, the City contends the trial court erred in concluding the City had waived its governmental immunity. Although the City recognizes there is a waiver of governmental immunity under Article I, section 17 of the Texas Constitution for claims arising out of the alleged unconstitutional taking of property without adequate compensation, the City argues in its seventh issue that there is no evidence to support the Youngs' takings claim. The City further argues in its sixth issue that the Youngs' claim for non-negligent nuisance is subsumed by the law of inverse condemnation and, therefore, their nuisance claim is dependent upon their takings claim.

Recently, in *City of Dallas v. Jennings,* the Texas Supreme Court discussed governmental liability for and immunity from nuisance and constitutional takings claims. *See City of Dallas v. Jennings,* 142 S.W.3d 310 (Tex.2004). As in the case before us, the plaintiffs' claims in *Jennings* arose out of a flood in the plaintiffs' home allegedly caused by the city's maintenance of its sewer lines. According to the plaintiffs, when the city dislodged material that was blocking a sewer main, their home was flooded with raw sewage. The plaintiffs sued the city alleging claims for nuisance and an unconstitutional taking of their property.

In analyzing the plaintiffs' claim for an unconstitutional taking, the supreme court focused on the issue of intent. The court noted that "[t]here may well be times when a governmental entity is aware that its action will necessarily cause physical damage to certain private property, and yet determines that the benefit to the public outweighs the harm to the property." *Id.* at 314. Under those circumstances, even if the governmental entity didn't intend to cause the damage, it may be said that the property was damaged or "taken" for public use. *Id.* The standard set out by the court was that "when a governmental entity physically damages private property in order to confer a public benefit, that entity may be held liable under Article I, section 17 if it (1) knows that a specific act is causing identifiable harm or

(2) knows that the specific property damage is substantially certain to result from an authorized government action." *Id.* After reviewing the evidence, the supreme court ruled in favor of the city on the plaintiffs' takings claim because there was no evidence the city knew its actions would cause flooding or that its actions were substantially certain to lead to such damage. *Id.* at 315. The plaintiffs in *Jennings* showed only that the city's actions sometimes resulted in such damage. This was held insufficient to create a fact issue on the takings claim. *Id.*

Similarly, in the case before us, we conclude the evidence does not, as a matter of law, support the Youngs' allegation of an unconstitutional taking. The governmental "action" of which the Youngs complain is the City's decision not to replace the pumps at the sewer lift station near the Youngs' home despite the fact that the City knew the pumps were old and prone to have problems. Instead, the City chose to repair and maintain the old pumps while a new lift station was being built. According to the Youngs, the City knew the old lift station pumps would suffer failures because the pumps had a history of failures and resulting back-ups. The City's knowledge of alleged problems with the sewer pumps, however, is not the same as knowledge that their decision not to replace the pumps would result in a flood of the Youngs' home.

■ The City presented evidence that the pumps were working normally immediately before an ice storm caused a loss of power to the lift station on December 26, 2000. According to the City's director of public works at the time of the incident, the power outage was the only time he could recall a complete failure of the power supply to the lift station. When power was restored to the station, the pumps did not function correctly resulting in a back-up of unprecedented size in the sewer system. The Youngs conceded their house had never been flooded before the incident made the basis of this suit.[1] A single occurrence of flooding does not generally give rise to a taking. *See Tarrant Reg'l Water Dist. v. Gragg,* —— S.W.3d ——, 47 Tex. Sup.Ct. J. 707, 2004 WL 1439646 (Tex. June 25, 2004) Furthermore, although there was evidence the City was aware of occasional back-ups within the sewer system, there was no evidence the City was aware of recurrent flooding that would have put it on notice that flooding of the Youngs' home was substantially certain to result from its decision not to replace the pumps. *See id.* Because the City demonstrated it did not possess the knowledge necessary to establish an intentional taking of the Youngs' property, the trial court erred in concluding there was a waiver of sovereign immunity under Article I, section 17 of the Texas Constitution. We resolve the City's seventh issue in its favor.

■ In its sixth issue, the City argues the Youngs' nuisance claim cannot be brought as an independent theory of recovery. Instead, the City contends the Youngs' claim for damages to their property can be brought only as a takings claim under Article I, section 17. We agree.

In *Jennings,* the Texas Supreme Court noted there was no separate waiver of governmental immunity for nuisance claims. *See Jennings,* 142 S.W.3d at 316. Instead, the court stated that "the Tort Claims Act may waive immunity from certain nuisance claims," and "[i]n other

---

1. The Youngs also alleged their home was flooded once again several months after the incident on December 26. This second flood- ing event does not, however, form the basis of the claim for damages.

cases, a city may be held liable for a nuisance that rises to the level of a constitutional taking." *See id.* at 316. The only waiver of immunity asserted by the plaintiffs in *Jennings* was under Article I, section 17 of the Texas Constitution. The supreme court held that in the absence of liability under Article I, section 17, the city could not be held to have waived its immunity from the plaintiffs' nuisance claim. *Id.*

As in *Jennings,* the sole waiver of immunity asserted by the Youngs in this case is under Article I, section 17 of the Texas Constitution. We have already concluded the City showed, as a matter of law, that it lacked the necessary intent to be found liable for an unconstitutional taking of the Youngs' property. Because the City showed it was not liable under Article I, section 17, the City retains its immunity from the Youngs' claim for non-negligent nuisance. *See id.*

■ Having applied the standards and reasoning set forth in *Jennings* to the facts of this case, we note that the *Jennings* opinion did not issue until after the trial court rendered its decision on the motion to dismiss. Indeed, the *Jennings* opinion did not issue until after the original appellate briefing in this case had been filed. The Youngs contend they have not had an adequate opportunity to consider or respond to the "new legal standard" set forth in *Jennings.* The Youngs urge us, therefore, to remand the case and allow them to "marshal any additional evidence" they may need. We conclude such a remand is not warranted.

The City argued both in its motion to dismiss and in its brief on appeal that the Youngs' nuisance claim could not be brought as an independent claim. Although the Youngs may have believed this argument was unsupported, they had the opportunity to respond to the reasoning and demonstrate the viability of both their nuisance claim and their takings claim. The vast majority of the evidence presented to the trial court at the hearing on the motion to dismiss related to problems with the lift station pumps and the City's alleged knowledge of those problems before the incident on December 26. This evidence is directly relevant to the analysis set forth in *Jennings.* The Youngs do not specify what additional evidence they believe they could present to the trial court to support their takings claim. Because the Youngs were provided with an opportunity to present argument and evidence to the trial court on the matters relevant to their takings claim, we conclude the interests of justice do not require us to remand the cause.

We reverse the trial court's order denying the City's motion to dismiss and dismiss this cause for lack of subject matter jurisdiction.