NUMBER 13-07-306-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MACK DOSS, ET AL, Appellants,


v.
 


CITY OF VICTORIA, Appellee.

 


On appeal from the 267th District Court 

of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez, Justices Garza, and Vela


Memorandum Opinion by Justice Vela



 This interlocutory, accelerated appeal arises from the trial court's granting of a plea
to the jurisdiction. Appellants, fifty-three homeowners in Victoria, Texas (collectively
"Doss") sued the City of Victoria ("the City") for damages to their homes resulting from high
flood waters, alleging, among other things, that the City's actions constituted an
unconstitutional taking pursuant to Article I, section 17 of the Texas Constitution. See Tex.
Const. art. I, § 17. We must determine whether the trial court properly granted the plea
to the jurisdiction based on governmental immunity. We reverse and remand.

I. Background Facts

 The City installed storm and drainage sewers in Doss's neighborhood in the late
1950's. In 2004, the City contracted with Benco Construction ("Benco") for a construction
project that included improving the water lines, sanitary sewers, storm sewers, and street
paving in the area. Doss alleged that shortly after beginning the project, Benco warned the
City that the sewer pipes in the construction area were so heavily occluded that they
presented a substantial risk of high flood waters. Doss asserted that over the years the
City's motorized street sweepers had improperly swept dirt and debris from the streets into
the sewer system. According to Doss, Benco also warned that if the City completed the
project as planned, without clearing the pipes or otherwise compensating for the reduced
capacity, a flood risk could not be eliminated. The City ordered Benco to continue the
project as originally specified.

 On November 20, 2004, an unusually heavy rain flooded Doss's neighborhood and
the Doss homes were damaged as a result. Doss and the other homeowners sued the
City and Benco for negligence (1) and inverse condemnation. The City filed a plea to the
jurisdiction, with its original answer, asserting governmental immunity. Doss filed an
amended petition re-alleging a claim for inverse condemnation in violation of Article I,
section 17 of the Texas Constitution, the "takings" clause. (2) Tex. Const. Art. I, § 17. After
a hearing in which no evidence was presented, the trial court granted the City's plea to the
jurisdiction.

 By its first issue, Doss argues that the trial court's order granting the City's plea to
the jurisdiction should be reversed because governmental immunity does not encompass
claims for the unconstitutional taking of property. Doss asserts that although sovereign (or
governmental) (3) immunity generally shields governmental entities from suit, it does not
encompass claims based on the "takings clause" of the Texas Constitution. See Gen.
Servs. Comm'n v. Little-Tex. Insulation Co., Inc., 39 S.W.3d 259, 598 (Tex. 2001).

 Doss claims that their pleadings clearly establish a claim for inverse condemnation
--a violation of the Texas Constitution's "takings" clause. They pleaded the City knew its
actions would cause the flooding made the basis of the lawsuit and that Benco had made
it clear to the City that proceeding with the project as planned made the flooding of the
area a substantial certainty. 


II. Standard of Review

 A plea to the jurisdiction challenges a trial court's authority to consider the subject
matter of a claim. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). When
a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Tex. Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Whether a pleader has alleged facts
that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law
reviewed de novo. Miranda, 133 S.W.3d at 226; Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1988). We construe the pleadings liberally in favor of the plaintiff
and look to the pleader's intent. Miranda, 133 S.W.3d at 226. When reviewing a trial
court's dismissal for lack of jurisdiction, an appellate court may consider a plaintiff's
pleadings, assertions of fact, and any evidence submitted by the parties relevant to the
jurisdictional issue. Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001).

 An appellate court's task in this type of appeal is to determine whether the plaintiff
pleaded a claim that appropriately invoked the trial court's jurisdiction. The reviewing court,
however, should not address the merits of the case. Blue, 34 S.W.3d at 554. Instead, the
appellate court must decide whether the facts, as alleged, support jurisdiction in the trial
court. Univ. of Tex. Med Branch at Galveston v. Hohman, 6 S.W.3d 767, 771 (Tex.
App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). 

III. The "takings" clause as it relates to flooding and governmental entities.

 The takings clause provides that "[n]o person's property shall be taken, damaged,
or destroyed for or applied to public use without adequate compensation being made,
unless by the consent of such person." Tex. Const. art. I § 17; Tarrant Reg.'l Water Dist.
v. Gragg, 151 S.W.3d 546, 554 (Tex. 2004).

 In Gragg and City of Dallas v. Jennings, 142 S.W.3d 310 (Tex. 2004), decided the
same day, the supreme court conducted an in-depth analysis of the takings clause as it
applies to situations similar to the facts in the instant case. The court redefined the
standards for a takings claim, holding that mere negligence that eventually contributes to
property damage does not amount to a taking. Gragg, 151 S.W.3d at 554. Rather, the
court focused on the issue of intent. Both Gragg and Jennings conclude that a 
governmental entity violates the takings clause where its intentional act physically damages
private property for the purpose of conferring a public benefit, and the entity either (1)
knows that its act will cause identifiable harm, or (2) knows that the specific property
damage is substantially certain to result from the action it authorized. Gragg, 151 S.W.3d
at 554; Jennings, 142 S.W.3d at 314.

 Both Gragg and Jennings involved flooding alleged to have been caused by 
governmental entities. Gragg involved a claim for inverse condemnation based upon the
manner in which a water district released water from a newly-constructed reservoir, which
flooded the Gragg ranch. 151 S.W.3d at 549-50. After a heavy rain in 1990, the water
district released water from the reservoir's floodgates for the first time. Id. at 550. As a
result of the release of the water from the reservoir, the Gragg ranch suffered extensive
flood damage for the first time in its history. Id. In the following years, the Gragg ranch
suffered additional flood damage as a result of the water district's continued releases. Id.

 In Gragg, the water district claimed that it could not be liable under the takings
clause because the flooding was caused by negligence, and was not an intentional act. Id.
at 551. A jury ruled in Gragg's favor. Id. at 550. On appeal, the supreme court
acknowledged that mere negligence that eventually contributes to property damage does
not amount to a taking, but held that the water district's conduct was intentional under its
new standard, and affirmed the jury verdict. Id. at 559.

 In Jennings, the plaintiffs brought suit for damages when raw sewage flooded their
homes as a result of the city's sewer system backing up. 142 S.W.3d at 311-12. The
Jennings claimants argued that if a governmental entity intentionally performs an act that
causes the damage, a taking is established. Id. On the other hand, the city argued that
a taking is not established if the entity intended to damage the property, not whether it
merely intended to take an action that accidentally resulted in the damage. Id. at 313. The
trial court granted a summary judgment in favor of the city and the supreme court affirmed,
holding that the plaintiffs had presented no evidence either that the city knew that its act
caused the damage, or that the city's act was substantially certain to lead to the damage. 
Id. at 315. 

 In its discussion of the takings clause in the context of flooding, the Gragg court
stated:

 In the case of flood-water impacts, recurrence is a probative factor in
determining the extent of the taking and whether it is necessarily incident to
authorized government activity, and therefor substantially certain to occur. 
While nonrecurrent flooding may cause damage, a single flood event does
not generally rise to the level of a taking. The recurrence requirement
assures that the government is not held liable for taking property when a
project's adverse impacts, and by implication its benefit to the public, are too
temporal or speculative to warrant compensation. This is similar to the
standard the federal courts have applied in determining whether
government's actions have taken property affected by flooding, and it is the
standard we apply in the present case. (internal citations omitted).


151 S.W.3d at 555. 

 Neither Gragg nor Jennings involved pleas to the jurisdiction. Here, the City asserts
that because Gragg held that recurrence is a probative factor in determining if there has
been a taking, the fact that Doss alleged only a single incident of flooding is not enough
to confer subject matter jurisdiction.

 Few cases have interpreted Gragg and Jennings. In Evatt v. Texas Department
of Transportation, No. 11-05-00031-CV, 2006 WL 1349352 (Tex. App.-Eastland May 18, 
2006, pet. denied) (mem. op.), the Eastland Court upheld a plea to the jurisdiction because
the homeowners did not allege that the governmental entity knew or were substantially
certain that their homes would flood as a result of the construction methods utilized by the
entity on the nearby construction project. Id. at *4. The Evatt court opined that not every
intentional act gives rise to an intentional taking. Id. at *5. In Evatt, the homeowners did
not allege that the department either knew or was substantially certain that their homes
would flood. Id.

 Similarly, in City of Van Alstyne v. Young, 146 S.W.3d 846, 850 (Tex. App.-Dallas
2004, no pet.), the court found that the homeowners had not alleged a "taking" claim after
evidence was submitted on the city's plea. In Young, the court said that the fact that the
city knew the old pumps would fail and chose to repair, rather than replace them, was not
the same as knowledge that their decision not to replace the pumps would result in a flood. 
Id. at 850.

 Looking to Doss's pleadings in this case, Doss alleged that the City contracted with
Benco for a construction project on its city streets designed to improve the water lines,
sanitary and storm sewers, and street paving. According to Doss, Benco warned the City
that the storm sewer pipes in the area were so heavily occluded that going through with the
project would create a substantial risk of high floodwaters. Despite this knowledge, the City
authorized Benco to continue with the project. Doss's pleadings also allege that the
intentional actions in deciding to go forward with the existing construction plans without
addressing the occluded sewer lines, taken with the knowledge of the obvious risk of flood
damage to the plaintiffs' homes, constituted an unconstitutional taking. We conclude that
these allegations are sufficient to confer subject matter jurisdiction. 

 The pleadings assert the essential elements of a takings claim: the City's contract
with Benco to improve roadways and sewage systems was obviously done for the public's
use, the City became aware that continuing with the project would cause flooding, and the
allegations that the City's intentional act of continuing the project in light of its knowledge
that flooding would occur. While the City urges that a single flood event does not suffice
to plead a takings claim, we believe that recurrence goes to the merits of Doss's claims
and is not a pleading requirement to invoke the court's jurisdiction.

 We express no opinion on the merits of Doss's claims, but hold that the trial court
erred in granting the City's plea to the jurisdiction. Doss sufficiently pleaded elements that
would confer subject matter jurisdiction in the trial court. We sustain Doss's first issue and,
accordingly, we reverse and remand the trial court's judgment. 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 20th day of December, 2007.
1. Doss abandoned their negligence claim at oral argument.
2. Doss originally alleged that the City had waived immunity because the Texas Tort Claims Act waives
immunity for damages related to its street and storm operations and for damages arising from the use of
operation of motor-driven equipment, but abandoned that claim at oral argument, as well.
3. Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State
expressly consents to the suit. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636- 638 (Tex. 1999). Governmental
immunity operates like sovereign immunity and affords a similar protection to subdivisions of the State,
including counties and cities. Harris County v. Sykes, 136 S.W.635, 638 (Tex. 2004).