

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00075-CV

**CITY OF ROBINSON, TEXAS,**

**Appellant**

**v.**

**GABRIEL RODRIGUEZ AND IRENE RODRIGUEZ,**

**Appellees**

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2021-117-4**

## MEMORANDUM OPINION

In one issue, appellant, the City of Robinson, Texas (the "City"), argues that the

trial court erred when it denied the City's plea to the jurisdiction in favor of appellees,

Gabriel and Irene Rodriguez. Specifically, the City contends that the Rodriguezes failed

to plead jurisdictional facts sufficient to bring their asserted cause of action and claim for

injunctive relief within the "takings clause," article I, section 17 of the Texas Constitution.

*See* TEX. CONST. art. I, § 17. Because we agree with the City, we reverse and render.

## Background

In their live pleading, the Rodriguezes asserted the following facts:

Plaintiffs [the Rodriguezes] are the owners of the property located at 1102 North Peggy Drive in Robinson, Texas, which is furnished sewer to their home by the Defendant [the City]. On or about February 19, 2019, sewage backed up into Plaintiffs' property causing extensive damage to Plaintiffs' property. Plaintiffs reported said event to the City of Robinson. The City of Robinson purportedly sent a city worker out to check the manhole upstream and downstream. The City of Robinson also determined that the Plaintiffs did not have a clean[]out to check[,] so the problem was on the Plaintiffs['] side and not the City of Robinson's side. As a result of being told that they had no clean out, Plaintiffs hired a licensed plumber to install a clean out on the Plaintiff's [sic] property. Two clean outs were installed. After the clean outs were installed, sewage again backed up into Plaintiffs' property. On or about February 21, 2019, the licensed plumber that Plaintiffs hired reported to the City of Robinson that he had found a stop up on the City of Robinson side. The City of Robinson again sent a city worker out to check but again reported that the stoppage was on the Plaintiffs['] side. Once the City of Robinson failed to address the stoppage, the licensed plumber hired by Plaintiffs cleaned out the stoppage in the main line and on the City of Robinson's side. The Plaintiffs have had sewage back up into their property on more than these two occasions outlined above throughout the years. Each time the sewage backed up into their property[,] the Plaintiffs reported said back up to the City of Robinson. This occurred from the Defendant failing to construct and maintain its sewer system so that an above average rainfall causes the sewage to back into Plaintiffs' house. This has been known to the City of Robinson prior to this occurrence, and Defendant has advised that it has been working to fix the sewer situation but has failed to do so. Plaintiffs have relied upon Defendant's representations, and the Plaintiffs have learned that the representations were untrue due to the occurrence in February of 2019[,] when the sewage backed into their home.

The Rodriguezes further alleged that:

The action of the Defendant in the construction and maintaining of their sewer system as set out above constitutes intentional taking of Plaintiffs' property in violation of Section 17 of Article I of the Constitution of the State

of Texas in that Defendant had and has actual knowledge that the sewage overflow in February of 2019[,] would occur and will continue in the future unless the situation is corrected. Defendant had actual knowledge at all times during the construction of the sewer system and maintenance thereof that Plaintiffs' property would be severely damaged unless the situation was eliminated by the Defendant.

. . .

Plaintiffs' property was taken for public use in violation of Section 17 of Article I of the Texas Constitution in that the sewer line leading to Plaintiffs' property was constructed and maintained so as to handle rainwater so that sewage would not back into Plaintiffs' house.

The Rodriguezes also pled for injunctive relief and $100,000 in damages.

In response, the City filed an answer generally denying the Rodriguezes's allegations, asserted the defense of governmental immunity, and filed a plea to the jurisdiction. In its plea to the jurisdiction, the City contended that, among other things, a taking cannot be established by proof of mere negligent conduct by the government; that the alleged failure to construct and maintain a sewer system cannot support liability because it is not an affirmative, specific act; and that the Rodriguezes did not allege an action by the City that caused a known and substantially certain harm to the Rodriguezes's property. The Rodriguezes filed a response to the City's plea to the jurisdiction.

After a hearing, the trial court denied the City's plea to the jurisdiction. This appeal followed.

**Issue One**

In its sole issue on appeal, the City contends that the trial court erred when it denied the City's plea to the jurisdiction. Specifically, the City argues that the Rodriguezes failed to plead jurisdictional facts sufficient to establish their takings claim.

**STANDARD OF REVIEW**

A plea to the jurisdiction based on sovereign immunity challenges a trial court's subject-matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). "A plea questioning the trial court's jurisdiction raises a question of law that we review de novo." *Id.* The plaintiff must allege facts that affirmatively establish the trial court's subject-matter jurisdiction. *Id.* In determining whether the plaintiff has satisfied this burden, we construe the pleadings liberally in the plaintiff's favor and deny the plea if facts affirmatively demonstrating jurisdiction have been alleged. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

A plea to the jurisdiction may challenge the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 227. In some cases, the challenged jurisdictional facts are distinct from the merits of the case, but in other cases, the challenged jurisdictional facts are inextricably intertwined with the merits of the case. *Id.* "[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* Our standard of review on appeal "generally mirrors

that of a summary judgment," meaning we will take as true all evidence favorable to the non-movant and indulge reasonable inferences and resolve doubts in the non-movant's favor. *Id.* at 228.

If "the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226-27. A court may grant a plea to the jurisdiction without affording the plaintiff an opportunity to amend only if "the pleadings affirmatively negate the existence of jurisdiction." *Id.* at 227.

## APPLICABLE LAW

Sovereign immunity deprives a trial court of jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. *Miranda*, 133 S.W.3d at 224. Political subdivisions of the State, including cities, are entitled to immunity—referred to as "governmental immunity—unless it has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

Governmental immunity is waived for valid takings claims. *El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798, 801 (Tex. 2013); *City of Dallas v. VRC LLC*, 260 S.W.3d 60, 64 (Tex. App.—Dallas 2008, no pet.). A takings claim is rooted in the takings clause of the Texas Constitution, which provides that "[n]o person's property shall be taken,

damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . . ."  TEX. CONST. I, § 17.  If a plaintiff fails to allege a valid takings claim, governmental immunity applies and a plea to the jurisdiction should be granted.  *Bell v. City of Dallas*, 146 S.W.3d 819, 825 (Tex. App.—Dallas 2004, no pet.).  Whether particular facts constitute a taking is a question of law.  *Little-Tex Insulation Co.*, 39 S.W.3d at 598 (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 936 (Tex. 1998)).

To plead a takings claim, a claimant must show that a governmental actor intentionally took or damaged property for public use.  *Holland*, 221 S.W.3d at 643; *Little-Tex Insulation Co.*, 39 S.W.3d at 598.  The intent element is closely tied to the public-use element.  *See City of Dallas v. Jennings*, 142 S.W.3d 310, 313-14 (Tex. 2004) (discussing the link between the intent and public-use elements).  A governmental entity acts intentionally if it (1) knows that the specific act is causing identifiable harm or (2) knows that the specific harm is substantially certain to result from authorized government action—that is, that the harm is necessarily incident to, or necessarily a consequential result of the government's actions.  *Jennings*, 142 S.W.3d at 314.  Evidence of a governmental entity's failure to avoid preventable damage may be evidence of negligence, but it is not necessarily evidence of the entity's intent to damage the plaintiff's property.  *See City of San Antonio v. Pollack*, 284 S.W.3d 809, 821 (Tex. 2009); *Jennings*, 142 S.W.3d at 314; *see also Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016).

**ANALYSIS**

In the instant case, the Rodriguezes specifically alleged that the basis of their takings claim is the City's construction and maintenance of its sewer system and referenced two flooding incidents in support of their contention. However, the Rodriguezes provide no evidence of an intentional act on the part of the City designed to confer a public benefit that the City knew would cause damage to the Rodriguezes's property. *See Kerr*, 499 S.W.3d at 800 ("A government cannot be liable for a taking if it committed no intentional acts. We have not recognized a takings claim for nonfeasance."); *Jennings*, 142 S.W.3d at 314-15 (holding that there was no evidence the City knew its actions would cause flooding or that its actions were substantially certain to lead to such damage where plaintiffs alleged that when the City dislodged material blocking a sewer main, their home was flooded with raw sewage); *City of Van Alstyne v. Young*, 146 S.W.3d 846, 850 (Tex. App.—Dallas 2004, no pet.) (holding that a City's knowledge of alleged problems with sewer pumps near the plaintiffs' home is not the same as knowledge that their decision not to replace the pumps would result in a flood of the plaintiffs' home).

And despite allegations of notice to the City, the Rodriguezes's claims about the construction and maintenance of the City's sewer system sound in negligence and do not

identify a specific, intentional, governmental act.[1] *See Kerr*, 499 S.W.3d at 799 ("We have made clear that a taking cannot be established by proof of mere negligent conduct by the government."); *Pollack*, 284 S.W.3d at 821 ("The governmental entity's awareness of the mere possibility of damage is no evidence of intent."); *see also City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 168 (Tex. 2004) ("[T]he mere intentional operation of a sewer system is insufficient to support liability [for a takings claim]."); *Jennings*, 142 S.W.3d at 315 (rejecting an argument where homeowners attempted to show the City's intent to damage their property by sewage backup from the fact that the City knew that unclogging a sewer can sometimes cause it to back up); *Young*, 146 S.W.3d at 850.

Furthermore, in their live pleading, the Rodriguezes specifically referenced two sewer backups into their home. As alleged by the Rodriguezes, the City of Robinson determined that the first sewer backup was caused by sewer-line blockages on the Rodriguezes's side and required the Rodriguezes to install two clean outs on their property. Thus, based on the Rodriguezes's live pleading, the first sewer backup was not due to an intentional act by the City. The second sewer backup alleged by the Rodriguezes involved a stoppage where the parties disputed responsibility. Even taking as true the Rodriguezes's allegation that the second sewer backup was the City's fault, the Rodriguezes failed to allege any affirmative, specific conduct that occurred

---

[1] Moreover, the Texas Supreme Court has noted that when damage is the accidental result of an alleged governmental act, there is no public benefit, and thus, the property cannot be said to be "taken or damaged for public use." *City of Dallas v. Jennings*, 142 S.W.3d 310, 313-14 (Tex. 2004).

subsequent to the second sewer backup, other than general allegations that: "The Plaintiffs have had sewage back up into their property on more than these two occasions outlined above throughout the years." *See Young*, 146 S.W.3d at 850 (citing *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004)) (noting that a single occurrence of sewer backup does not generally give rise to a taking). This is not enough to show the requisite intent for a takings claim. *See Kerr*, 499 S.W.3d at 799 ("[T]he requisite intent is present when a governmental entity knows that a specific act is causing identifiable harm or knows that the harm is substantially certain to result." (quoting *Gragg*, 151 S.W.3d at 555)). This is because governments "cannot be expected to insure against every misfortune occurring within their geographical boundaries, on the theory that they could have done more. No government could afford such obligations." *Id.* at 804.

Therefore, even construing the Rodriguezes's pleading liberally in their favor, their petition not only fails to plead facts establishing jurisdiction but also affirmatively demonstrates that their takings claim is barred by governmental immunity. *See Miranda*, 133 S.W.3d at 227 (holding if pleadings affirmatively negate the existence of jurisdiction, a plea may be granted without allowing plaintiff the opportunity to amend); *Bell*, 146 S.W.3d at 825 (holding that the trial court properly granted the City of Dallas's motion to dismiss when the plaintiffs failed to plead a valid takings claim). And because the Rodriguezes's live pleading affirmatively demonstrates incurable defects in jurisdiction,

we cannot say that they are entitled to an opportunity to amend. *See Miranda*, 133 S.W.3d at 227; *see also County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Next, we consider the Rodriguezes's request for injunctive relief "in the form of a permanent injunction based on the continuing nature of the nuisance." "[N]uisance liability arises only when governmental immunity is clearly and unambiguously waived." *Jennings*, 142 S.W.3d at 316. The Rodriguezes's request for injunctive relief to remedy the alleged sewer overflow is premised on a takings claim, which we have already rejected.

Therefore, based on the foregoing, we conclude that the trial court erred when it denied the City's plea to the jurisdiction. We sustain the City's sole issue on appeal.

## Conclusion

We reverse the trial court's judgment and render judgment granting the City's plea to the jurisdiction and dismissing the Rodriguezes's claims.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Rose[2]
(Chief Justice Gray dissenting)
Reversed and rendered
Opinion delivered and filed October 6, 2021
[CV06]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.